Hon. Mario M. Cuomo Secretary of State
This is in response to a request for an opinion by Patrick J. Cea, Acting Deputy Secretary of State, as to whether or not the Secretary of State may deposit moneys in an out-of-state bank, which moneys were received by him in settlement of litigation and are held in the name of the Secretary of State as escrow agent.
It is my understanding that the Secretary of State became involved in litigation, on behalf of property owners, concerning the failure of a vacation land project located in Pennsylvania. Such involvement resulted from the power of the Secretary of State to regulate the sales of subdivided lands pursuant to Article 9-A of the Real Property Law. In settlement of the litigation and on behalf of the property owners, the Secretary of State received a large sum of money which was deposited in a New York City bank in the name of the Secretary of State as escrow agent. Subsequently, the property owners' association requested that the money be deposited in Hazelton National Bank in Pennsylvania. Your question is whether the Secretary of State may deposit such moneys in an out-of-state bank.
The moneys held by the Secretary of State in an escrow account fall within the purview of section 106 of the State Finance Law. Such section covers not only all moneys belonging to the State or received on behalf of the State, but all moneys received by any State officer or other person for which he may be responsible in his official capacity. It appears that the moneys at issue here held by the Secretary of State as escrow agent were received by him, and he is responsible for them, in his official capacity. Such moneys must be deposited to the credit of the State officer in a bank or trust company which is designated by the State Comptroller at a rate of interest which shall be agreed upon by the depositary and the Comptroller. (State Finance Law § 106; see also 1942 Op. Atty. Gen. 162.)
In regard to the question of whether or not the Comptroller may designate an out-of-state bank as a depositary for the moneys in question, a regulation of the Department of Audit and Control (2 NYCRR § 14.3) appears to prohibit such a designation. Pursuant to such regulation, moneys received by custodians of special funds in which the State has an interest, direct or indirect, or moneys under the control of the State must be deposited "in a bank or trust company of the State" (2 NYCRR § 14.3). It appears that the moneys held by the Secretary of State in an escrow account are subject to such regulation, and as such, the Comptroller may not designate an out-of-state bank as a depositary for such funds.
Therefore, I conclude that the Secretary of State may not deposit moneys held in his name as escrow agent in an out-of-state bank.